512

514

516

518

*William Kendall*, for exceptant.

*Louis S. Rosenbloom*, for accountant.

BOLGER, J., December 10, 1954.—All exceptions to the adjudication except the one relating to the award of decedent's real estate have been withdrawn.

Samuel Possen died August 20, 1951, and his will was duly probated. Therein he devised, inter alia, premises 765 South Fourth Street, Philadelphia, to his brother, Hyman Possen, and to his sister, Anna Dubin, "in equal shares, i.e., one-half (½) thereof to each, their heirs and assigns forever."

Hyman Possen, the codevisee, died December 30, 1953, testate and his will was probated by the register of wills of this county on June 24, 1954.

In his will Hyman Possen gave his residuary estate (which includes the half interest in premises

765 South Fourth Street, Philadelphia) to the Philadelphia Psychiatric Hospital, the Jewish Old Age Home, the Uptown Hebrew Sheltering Home and the Downtown Orphans' Home.

In his adjudication of the instant account, the learned auditing judge awarded premises 765 South Fourth Street one half to Anna Dubin, her heirs and assigns, and one half equally to the specified charities mentioned in the will of Hyman Possen. This award was made in reliance upon section 734 of the Act of April 18, 1949, P. L. 512, which reads as follows:

"The Court, for cause shown, may order the estate to be distributed in kind to the parties in interest, including fiduciaries. In such case, when there are two or more distributees, distribution may be made of undivided interests in real or personal estate, or the personal representative or a distributee may request the Court to divide, partition and allot the property, or to direct the sale of the property . . .".

This act gives legislative sanction to a practice pursued by this court for many years whereby distribution of personalty was made directly to persons entitled to the shares of deceased distributees, but only when the deceased distributee had been long dead, had left no other estate, or where the other assets had been distributed, at a time when all possible questions relating to the validity of the will, if any, of its interpretation or of claims for exemption, allowance or of creditors were long since resolved. However, real estate was then rarely the subject of accounting or of distribution and, therefore, not the subject of awards in adjudications. The legislative sanction in the cited act extends not only to personal property, but to real estate as well.

Here, however, Hyman Possen, the deceased distributee, died within the past year and, therefore,

many possible questions of probate, tax and distribution in his estate remain unresolved.

The award was, therefore, erroneous. The phrase "to the parties in interest including fiduciaries" in section 734 of the act of 1949, supra, can mean only parties entitled in the immediate estate, not in the estate of the deceased distributee, which is not before us and in which we, therefore, lack all jurisdiction. However, that gives rise to another question, the form of the award. Since Hyman Possen is deceased, the award should not be made to him, but to those who take from him in accordance with section 104 of the Act of April 18, 1949, P. L. 512:

"Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by this act and lawfully by the will and to all orders of the Court."

This act retains the old theory that real estate vests at the time of death, but it increases substantially the powers of the personal representative over the decedent's real estate in accord with the new general legislative policy of treating the administration of realty the same as that of personalty, but subjects the personal representative's acts to regulation and review by the court. Therefore, we observe that there are three concerns involved in making awards of real estate: (1) The title descends to decedent's heirs or devisees subject to (2) the powers and duties of decedent's personal representative, and (3) review by the court. These three concerns are expressly referred to in the act and they must be severally identified in awards in adjudications.

We, therefore, sustain exception No. 9 of the executors of the estate of Hyman Possen, deceased, and amend the adjudication by revising the language of the award as follows: "Real estate, premises 765

South Fourth Street, Philadelphia, $10,000 which, composed as indicated, is awarded one half to Anna Dubin, her heirs and assigns, and one half to the heirs or devisees of Hyman Possen, deceased, subject to the powers and duties of his personal representative and to all orders of the court."